■ ADRIENNE SAINTE-AIME, Respondent, v LISA S. HO, Sued Herein as SUK WAI HO, Appellant, et al., Defendants. [712 NYS2d 133] —In an action to recover damages for personal injuries, the defendant Lisa Suwai Ho, s/h/a Suk Wai Ho, appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated November 8, 1999, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

The affirmed medical reports which the appellant submitted ·in support of her motion for summary judgment made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see, Gaddy v Eyler,* 79 NY2d 955; *Greene v Miranda,* 272 AD2d 441; *Jackson v New York City Tr. Auth.,* 273 AD2d 200). Notably, the neurologist, Dr. Rita Lempl, found no limitation of motion in any direction in the cervical spine or lumbar spine area, and the orthopedist, Dr. Daniel DeSimone, found a full range of motion of the cervical and lumbosacral spines. The plaintiff was examined by both doctors in September 1998, approximately 2½ years after the accident.

The plaintiff's opposition papers failed to raise a triable issue of fact as to whether she had sustained a serious injury. The affidavits submitted by Dr. Scott Denny, a chiropractor, and by Dr. Ernesto C. Resurreccion, a neurologist, and their respective reports incorporated therein, were based on their examinations of the plaintiff in March 1996, within a week of the accident, and approximately 3½ years before the summary judgment motion. Significantly, the plaintiff was last treated by Dr. Denny in December 1996, and there is no evidence that she was ever seen by Dr. Resurreccion after March 1996. Under

these circumstances, there was insufficient proof of the duration of the plaintiff's alleged injuries (see, Schultz v Von Voight, 216 AD2d 451, affd 86 NY2d 865; Bucci v Kempinski, 273 AD2d 333).

Moreover, while Dr. Denny found restrictions in the range of motion in both the plaintiff's cervical and lumbar spines, he neither specified the extent or degree of the purported limitations (see, Linares v Mompoint, 273 AD2d 446; Beckett v Conte, 176 AD2d 774), nor set forth what objective tests he performed in arriving at his conclusions concerning the alleged restrictions (see, Grossman v Wright, 268 AD2d 79; Smith v Askew, 264 AD2d 834). The plaintiff's other expert, Dr. Resurreccion, found a full range of motion of the back and neck upon his examination of the plaintiff.

Furthermore, while under certain circumstances a herniated disc may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see, Chaplin v Taylor, 273 AD2d 188; Flanagan v Hoeg, 212 AD2d 756), the plaintiff failed to provide any objective evidence of the extent or degree of the alleged physical limitations resulting from this disc injury and its duration (see, Jackson v New York City Tr. Auth., supra; Greene v Miranda, supra; Guzman v Michael Mgt., 266 AD2d 508).

The plaintiff's assertion that she was unable to return to work and perform her usual and customary activities after the accident, without objective evidence substantiating the existence of a medically-determined injury which caused the alleged limitation of her activities, was insufficient to create a triable issue of fact as to her inability to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the accident (see, Jackson v New York City Tr. Auth., supra; Bennett v Reed, 263 AD2d 800; Taylor v Taylor, 260 AD2d 571). The statements made by the appellant's experts in their reports that the plaintiff did not work for three months after the accident were based upon the plaintiff's own self-serving statements and therefore were insufficient to raise a triable issue of fact in the absence of any objective evidence (see, Watt v Eastern Investigative Bur., 273 AD2d 226). Moreover, the affidavit of Dr. Denny, the plaintiff's chiropractor, in this regard consisted of nothing more than "conclusory assertions tailored to meet statutory requirements" (Lopez v Senatore, 65 NY2d 1017, 1019; see, Worley v Griffith, 273 AD2d 303).

Accordingly, the appellant's motion should have been granted. Bracken, J. P., Joy and Thompson, JJ., concur.

Goldstein, J., dissents and votes to affirm, with the following

memorandum, with which Feuerstein, J., concurs. On March 12, 1996, the plaintiff sustained personal injuries in an automobile accident. This action to recover damages for personal injuries was commenced on or about November 19, 1997. By notice of motion dated June 21, 1999, the appellant moved for summary judgment, asserting that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of the motion, the appellant submitted affirmed reports of a neurologist and an orthopedic surgeon, both of whom examined the plaintiff on September 15, 1998, on behalf of the appellant. The neurologist noted in his report that a Magnetic Resonance Imaging (hereinafter MRI) of the plaintiff's back showed disc herniation at C5-6 and C6-7, as well as disc bulging at L2-3, L3-4, C3-4, and C4-5. He further noted that the plaintiff's "past history is negative". The neurologist also stated that, subsequent to the accident, the plaintiff stayed out of work as a home attendant until June 1996 and continued physical therapy until December 1996. At the time of the examination in September, 1998, the plaintiff still used a back brace "at times", took painkillers, and regularly used a heating pad.

The orthopedic surgeon noted that the plaintiff "lost approximately three months from work" as a result of the accident. His report reiterated the MRI findings, and noted that "[i]f the history is accurate, the claimant's complaints are causally related to the accident as described".

The plaintiff, in opposition, submitted an affidavit from a chiropractor reiterating the findings of the appellant's experts and indicating that her injuries were permanent. The plaintiff also submitted a physician's affirmation which incorporated the terms of the physician's report stating that subsequent to the accident, the patient was "totally disabled for [sic] her usual occupation as a home health aide".

The Supreme Court denied the appellant's motion for summary judgment without comment. It is apparent from this record that the appellant failed to establish entitlement to judgment as a matter of law (see, Chaplin v Taylor, 273 AD2d 188). The majority acknowledges that a herniated disc may constitute a serious injury (see, Chaplin v Taylor, supra; Flanagan v Hoeg, 212 AD2d 756). The herniated discs revealed by the MRI were fully described in the affidavits of the appellant's own experts. Additionally, the appellant's orthopedic surgeon stated that if the history given by the plaintiff were accurate, the herniated discs were causally related to the accident.

It is well settled that material relied upon by a defendant

moving for summary judgment is properly before the court and may be considered in determining an application for summary judgment (*see, Jackson v New York City Tr. Auth.,* 273 AD2d 200; *Perry v Pagano,* 267 AD2d 290; *Raso v Statewide Auto Auction,* 262 AD2d 387; *Pietrocola v Battibulli,* 238 AD2d 864).

The majority, in reversing the determination of the Supreme Court, selectively relies upon self-serving statements in the reports of the appellant's own experts, and purported insufficiencies in the plaintiff's opposition papers. However, since the appellant's evidence, considered as a whole, failed to establish her entitlement to judgment as a matter of law, the purported insufficiencies in the plaintiff's opposition papers need not be considered (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437).

Accordingly, there is no basis to reverse the determination of the Supreme Court.