■ ABRAHAM IFRACH, Appellant, v JACOB NEIMAN et al., Respondents. [760 NYS2d 866] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated June 5, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to submit any medical proof that was contemporaneous with the

accident showing any initial range of motion restrictions in his spine (*see Pajda v Pedone,* 303 AD2d 729 [ 2003]; *Lanza v Carlick,* 279 AD2d 613, 614 [2001]; *Passarelle v Burger,* 278 AD2d 294 [2000]). Furthermore, the plaintiff's expert failed to indicate his awareness that the plaintiff was suffering from degenerative spondyloarthropathy, and therefore, his finding that the plaintiff's current restrictions of motion in his spine were causally related to the subject accident was mere speculation (*see Ginty v MacNamara,* 300 AD2d 624 [2002]; *Narducci v McRae,* 298 AD2d 443 [2002]; *Kallicharan v Sooknanan,* 282 AD2d 573, 574 [2001]). Since the plaintiff did not allege in his complaint or bill of particulars any injuries relating to his right shoulder and did not move for leave to amend the bill of particulars, the evidence pertaining to his right shoulder is not considered (*see Seymour v Roe,* 301 AD2d 991, 992 n 2 [2003]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.