■ ALEXANDER NEMCHYONOK, Respondent, v PENG LIU YING, Appellant. [767 NYS2d 811]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Bonina, J.), dated October 15, 2002, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Rainey v Smith, 300 AD2d 383 [2002]; Duldulao v City of New York, 284 AD2d 296 [2001]). In opposition, the plaintiff failed to submit medical proof in admissible form that was contemporaneous with the accident showing any initial range of motion restrictions in his spine (see Ifrach v Neiman, 306 AD2d 380 [2003]; Pajda v Pedone, 303 AD2d 729 [2003]; Lanza v Carlick, 279 AD2d 613, 614 [2001]; Passarelle v Burger, 278 AD2d 294 [2000]). Furthermore, the affirmation of the plaintiff's examining physician did not provide any explanation for the significant gap between the plaintiff's initial treatment and his subsequent visit to the examining physician (see Francis v Christopher, 302 AD2d 425 [2003]; Dimenshteyn v Caruso, 262 AD2d 348 [1999]; Perez v Velez, 253 AD2d 865 [1998]). Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.