■ SUK CHING YEUNG, Respondent, v GUILLERMO ROJAS et al., Appellants. [796 NYS2d 661]—

In an action to recover damages for personal injuries, the defendant Guillermo Rojas appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated October 15, 2004, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendants Yi Ye Zhong and Ke Xing Li separately appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as as-

serted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the defendants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) from the subject accident (*see* Insurance Law 5102 [d]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Meely v 4 G's Truck Renting Co., Inc.,* 16 AD3d 26 [2005]; *Paul v Trerotola,* 11 AD3d 441 [2004]; *Grossman v Wright,* 268 AD2d 79, 84 [2000]).

In opposition, the plaintiff failed to present any medical proof that was contemporaneous with the accident showing any initial range of motion restrictions in her spine (*see Nemchyonok v Peng Liu Ying,* 2 AD3d 421 [2003]; *Ifrach v Neiman,* 306 AD2d 380, 380-381 [2003]). The report of the plaintiff's treating physician was not affirmed and thus, did not constitute competent proof of her injuries (*see* CPLR 2106; *Bourgeois v North Shore Univ. Hosp. at Forest Hills,* 290 AD2d 525, 526 [2002]; *cf. Loadholt v New York City Tr. Auth.,* 12 AD3d 352 [2004]; *compare Kearse v New York City Tr. Auth., supra*). In addition, the report of another doctor was based on an examination of the plaintiff approximately 4 years and 9 months after the accident. Under the circumstances, the Supreme Court should have granted the defendants' motions for summary judgment. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.