■ ELVIA MAUCHY et al., Respondents, v PEDRO J. NIEVES, Appellant. [797 NYS2d 533]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated January 5, 2005, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmations of the plaintiffs' physicians were inadequate to raise a triable issue of fact, since the findings and conclusions set forth therein were based upon examinations that took place three years before the motion for summary judgment, and the physicians failed to update their examinations (*see Bidetto v Williams*, 276 AD2d 516 [2000]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Glielmi v Banner*, 254 AD2d 255, 256 [1998]).

Moreover, there was no competent medical evidence supporting a claim that the plaintiffs were unable to perform substantially all of their daily activities for not less than 90 of the first 180 days after the subject accident as a result of the accident (*see Sainte-Aime v Ho, supra* at 570; *Jackson v New York City Tr. Auth.*, 273 AD2d 200, 201 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.