■ NICOLE RANZIE, Respondent, v DANIEL ABDUL-MASSIH et al., Appellants. [813 NYS2d 473]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated February 23, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied as academic, and the complaint is dismissed.

By submitting a copy of the plaintiff's deposition testimony

and the affirmed medical report of their examining orthopedic surgeon, the defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). Contrary to the Supreme Court's determination, in opposition, the plaintiff failed to raise a triable issue of fact in this regard. The plaintiff's reliance on the affirmations of Dr. Matthew Yovino and Dr. Sounder Eswar, with annexed reports, was misplaced since those physicians never stated that any of the injuries observed, as related to the plaintiff's left ankle, were causally related to the subject accident (*see Sherin v Roda,* 14 AD3d 604, 606 [2005]; *Verrelli v Tronolone,* 230 AD2d 789 [1996]). Moreover, the reports incorporated by reference into the respective affirmations of said physicians were not based on recent examinations of the plaintiff (*see Young v Gonzalez,* 19 AD3d 408, 409 [2005]; *Constantinou v Surinder,* 8 AD3d 323 [2004]; *Varghese v Ehret,* 305 AD2d 402 [2003]; *Kauderer v Penta,* 261 AD2d 365, 366 [1999]). The plaintiff's medical records from St. John's Hospital and Queens-Long Island Medical Group, at best, merely recorded the plaintiff's subjective complaints of pain, which are insufficient, on their own, to raise a triable issue of fact as to whether she sustained a serious injury (*see Kinchler v Cruz,* 22 AD3d 808 [2005]; *Cennamo v Themistokleous,* 22 AD3d 700, 701 [2005]; *Nelson v Amicizia,* 21 AD3d 1015, 1016 [2005]). The affirmation and annexed reports of Dr. Thomas Scilaris, the plaintiff's examining orthopedic surgeon, were also insufficient to raise a triable issue of fact. Although Scilaris, in recent examinations of the plaintiff, observed limitations in range of motion of the plaintiff's left ankle, the plaintiff failed to provide any medical proof that was contemporaneous with the subject accident which showed range of motion limitations in her left ankle (*see Suk Ching Yeung v Rojas,* 18 AD3d 863, 864 [2005]; *Nemchyonok v Peng Liu Ying,* 2 AD3d 421 [2003]; *Ifrach v Neiman,* 306 AD2d 380 [2003]). The magnetic resonance imaging report of the plaintiff's left ankle, which was made 1½ years after the subject accident, while properly relied upon by the plaintiff, did not raise a triable issue of fact as to whether the plaintiff sustained a serious injury to her left ankle since that report stated that the plaintiff did not suffer from a partial or complete tear of the left Achilles tendon.

Additionally, the plaintiff failed to raise a triable issue of fact as to whether an injury to her left ankle prevented her from performing substantially all of her usual activities for at least 90 of the first 180 days following the subject accident as a result of the accident (*see Davis v New York City Tr. Auth.,* 294 AD2d

531 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]). Accordingly, the defendants were entitled to summary judgment dismissing the complaint.

In light of our determination, the plaintiff's cross motion for summary judgment on the issue of liability is denied as academic. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.