■ SEAN MOORE, Respondent, v MOHAMMAD SARWAR et al., Defendants, and EARLE DAVIS, Appellant. [816 NYS2d 503]—

In an action to recover damages for personal injuries, the defendant Earle Davis appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated April 29, 2005, which granted the plaintiff's motion for leave to amend the complaint to add a claim for punitive damages against him and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs to the appellant, the motion is denied, the cross motion is granted, upon searching the record, summary judgment is awarded to the defendants Mohammad Sarwar and Koney

Island, Inc., dismissing the complaint insofar as asserted against them, and the complaint is dismissed in its entirety.

On August 14, 2003, at approximately 1:00 A.M., the plaintiff was a passenger in a taxicab owned by the defendant Koney Island, Inc., and operated by the defendant Mohammad Sarwar (hereinafter collectively referred to as the defendants). The defendants' vehicle was involved in an accident with a vehicle owned and operated by the appellant on the Belt Parkway in Brooklyn. The plaintiff commenced this action against the defendants and the appellant to recover damages for personal injuries allegedly sustained in the accident.

The appellant made a prima facie showing, via the affirmed medical reports of the appellant's examining orthopedist and neurologist, as well as the plaintiff's own deposition testimony, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's examining chiropractor impermissibly relied upon the unsworn and/or unaffirmed reports of a hospital and two doctors (*see Mahoney v Zerillo,* 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental,* 216 AD2d 266 [1995]). In addition, the chiropractor failed to acknowledge or account for a prior accident involving the plaintiff in December 2001 which resulted in a back injury and for which the plaintiff underwent physical therapy. Thus, the chiropractor's findings that the injuries to the plaintiff's spine were caused by the subject accident were speculative (*see Allyn v Hanley,* 2 AD3d 470, 471 [2003]; *Ifrach v Neiman,* 306 AD2d 380, 381 [2003]; *Lorthe v Adeyeye,* 306 AD2d 252, 253 [2003]). The plaintiff also failed to submit competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Moreover, neither the plaintiff nor his examining chiropractor adequately explained the approximately 1½-year gap in the plaintiff's treatment between January 2004 and the examination conducted on April 13, 2005, in response to the cross motion for summary judgment (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Batista v Olivo,* 17 AD3d 494 [2005]; *Barnes v Cisneros,* 15 AD3d 514 [2005]).

While the defendants did not take an appeal from the order dated April 29, 2005, they did join in the cross motion of the appellant for summary judgment, relying on the appellant's argu-

ments and submissions. Accordingly, we search the record pursuant to CPLR 3212 (b) and award them summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]; *Wilson v Buffa,* 294 AD2d 357, 358 [2002]).

In light of our determination, the appellant's remaining contention has been rendered academic. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.