■ THOMAS BELL, Appellant, v MARIE L. RAMEAU et al., Respondents. [814 NYS2d 534]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated April 21, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants, in submitting the plaintiff's verified bill of particulars and the affirmed medical report of their examining neurologist, made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]; Collins v Stone, 8 AD3d 321 [2004]).

The Supreme Court correctly determined that the plaintiff failed to raise a triable issue of fact in opposition to the defendants' motion. The plaintiff failed to proffer any competent medical evidence that was contemporaneous with the subject accident showing any initial range of motion limitations in his spine (see Suk Ching Yeung v Rojas, 18 AD3d 863 [2005]; Nemchyonok v Peng Liu Ying, 2 AD3d 421 [2003]; Ifrach v Neiman, 306 AD2d 380 [2003]). Moreover, the affirmation of the plaintiff's treating physician failed to indicate an awareness of the plaintiff's history of on-the-job injuries that occurred in the three years preceding the subject accident. Therefore, any finding on his part made in his affirmation that the plaintiff's current injuries were causally related to the subject accident was mere speculation (see Mooney v Edwards, 12 AD3d 424

[2004]; *Allyn v Hanley,* 2 AD3d 470 [2003]; *Ginty v MacNamara,* 300 AD2d 624 [2002]).

Furthermore, the plaintiff failed to submit competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.