JONATHAN RAMIREZ et al., Appellants, v CESAR R. PARACHE, Respondent. [818 NYS2d 238]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), dated January 28, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that they did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Nelcy Rivera individually and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly determined that the defendant made a prima facie showing that the plaintiff Jonathan Ramirez (hereinafter the infant plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of

the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 46 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the infant plaintiff sustained a serious injury. The affirmation of the infant plaintiff's examining physician was insufficient to establish a triable issue of fact. While the affirmation was based on a recent examination of the infant plaintiff and noted limitations in the range of motion in his lumbar and cervical spine, the plaintiffs failed to provide any medical proof that was contemporaneous with the subject accident which showed range of motion limitations in his spine (*see Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624 [2006]; *Suk Ching Yeung v Rojas*, 18 AD3d 863, 864 [2005]; *Nemchyonok v Peng Liu Ying*, 2 AD3d 421, 421 [2003]; *Ifrach v Neiman*, 306 AD2d 380, 380-381 [2003]). Moreover, in this affirmation the infant plaintiff's examining physician impermissibly relied upon the unsworn reports of other doctors in giving his opinion (*see Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.*, 18 AD3d 741, 742 [2005]; *Mahoney v Zerillo*, 6 AD3d 403, 403 [2004]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 266-267 [1995]). In the absence of objective medical evidence of injury, the infant plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact (*see Fisher v Williams*, 289 AD2d 288, 289 [2001]). Furthermore, the plaintiffs failed to proffer competent medical evidence showing that the infant plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

The Supreme Court, however, erred in finding that the defendant established his prima facie burden with respect to the plaintiff Nelcy Rivera (hereinafter the plaintiff mother). The defendant's examining orthopedist found limitations in the range of motion of the plaintiff mother's right shoulder (*see Kaminsky v Waldner*, 19 AD3d 370, 371 [2005]; *Scotti v Boutureira*, 8 AD3d 652, 652 [2004]; *Omar v Bello*, 13 AD3d 430, 430-431 [2004]; *Grant v Parsons Coach, Ltd.*, 12 AD3d 484, 485 [2004]). Where, as here, the moving party fails to carry his initial burden of establishing his prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the papers in opposition to the motion (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.