■ MERCY FELIX, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [819 NYS2d 835]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated April 6, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. While the affirmed medical report of the plaintiff's examining neurologist noted limitations in the plaintiff's range of motion of her cervical and lumbar spine, this report failed to provide any medical proof that was contemporaneous with the subject accident (*see Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]; *Suk Ching Yeung v Rojas*, 18 AD3d 863 [2005]; *Nemchyonok v Peng Liu Ying*, 2 AD3d 421 [2003]; *Ifrach v Neiman*, 306 AD2d 380 [2003]). Moreover, the plaintiff's examining neurologist relied on the unsworn reports of others in reaching his conclusions (*see Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]). The remaining submissions of the plaintiff, with the exception of her affidavit, were without probative value in opposing the motion since they were unsworn or unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Hernandez v Taub*, 19 AD3d 368 [2005]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). In the absence of any admissible objective evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether she sustained a serious injury (*see Fisher v Williams*, 289 AD2d 288 [2001]). Finally, the plaintiff failed to submit competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.