■ ALBERT COHEN, Plaintiff, and BELLA COHEN, Respondent, v A ONE PRODUCTS, INC., et al., Appellants. [824 NYS2d 169]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), entered December 22, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Bella Cohen on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Bella Cohen is granted.

The defendants established their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted by the plaintiff Bella Cohen (hereinafter the plaintiff) by submitting, inter alia, the affirmed reports of three physicians whose opinions of the cervical and lumbar normalcy of the plaintiff were based upon specified objective tests (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956 [1992]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to meet the burden, which had shifted to her, of raising a triable issue of fact (see Zuckerman v City of New York, supra; Indig v Finkelstein, 23 NY2d 728, 729 [1968]). The report of the plaintiff's radiologist was not affirmed, and therefore, it was insufficient to raise a triable issue of fact (see Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc., 18 AD3d 741, 742 [2005]; Pagano v Kingsbury, 182 AD2d 268, 271 [1992]). Furthermore, the affirmed report of the plaintiff's examining but not treating physician failed to proffer medical evidence that the limitations in motion he observed were contemporaneous with the accident that occurred almost three years earlier (see Ranzie v Abdul-Massih, 28 AD3d 447, 448 [2006]; Li v Woo Sung Yun, 27 AD3d 624, 625 [2006]; Suk Ching Yeung v Rojas, 18 AD3d 863 [2005]; Nemchyonok v Peng Liu Ying, 2 AD3d 421 [2003]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Ritter, Mastro, Fisher and Dillon, JJ., concur.