■ ALEXANDER KNIJNIKOV et al., Respondents, et al., Plaintiff, v ARSHAD MUSHTAQ et al., Appellants. [827 NYS2d 198]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated September 21, 2005, which denied their motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Alexander Knijnikov, Anna Knijnikov, Chaya Binsky, and Inesa Binsky on the ground that the plaintiffs Alexander Knijnikov, Anna Knijnikov, and Chaya Binsky did not sustain serious injuries within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Alexander Knijnikov, Anna Knijnikov, Chaya Binsky, and Inesa Binsky is granted.

The defendants established, prima facie, that the plaintiffs Alexander Knijnikov, Anna Knijnikov and Chaya Binsky (hereinafter the injured plaintiffs) did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The injured plaintiffs' treating chiropractor, in her affidavit, failed to acknowledge that Alexander Knijnikov and Anna Knijnikov were involved in a prior 2001 auto accident that caused injuries to their necks and backs. This rendered completely speculative her opinion in her affidavit that the injuries observed, as well as the range of motion limitations noted in the spinal range of motion of both of these injured plaintiffs, were caused by the subject accident (*see Moore v Sarwar*, 29 AD3d 752 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Bennett v Genas*, 27 AD3d 601 [2006]; *Allyn v Hanley*, 2 AD3d 470 [2003]). Thus, the affidavit, as it pertained to Alexander Knijnikov and Anna Knijnikov, did not raise an issue of fact as to whether either sustained a serious injury to their respective spines as a result of the subject accident.

The affidavit of the injured plaintiffs' treating chiropractor set forth range of motion findings with respect to Chaya Binsky's cervical and lumbar spine as well, and noted limitations in her spine based on a recent examination. However, the plaintiffs failed to proffer competent medical evidence which showed initial range of motion limitations in her spine that were contemporaneous with the subject accident (*see Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Ramirez v Parache*, 31 AD3d 415 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624 [2006]; *Suk Ching Yeung v Rojas*, 18 AD3d 863 [2005]; *Nemchyonok v Peng Liu Ying*, 2 AD3d 421 [2003]; *Jason v Danar*, 1 AD3d 398 [2003]; *Ifrach v Neiman*, 306 AD2d 380 [2003]).

The affirmed medical reports of the injured plaintiffs' examining neurologist, which pertained solely to Alexander Knijnikov and Anna Knijnikov, failed to raise a triable issue of fact as to whether either of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. While this neurologist noted range of motion limitations in both of their spines based on recent examinations, the plaintiffs failed to proffer competent medical evidence showing initial range of motion limitations in the respective spines of Alexander Knijnikov and Anna Knijnikov that were contemporaneous with the subject accident (*see Felix v New York City Tr. Auth., supra; Ramirez v Parache, supra; Bell v Rameau, supra; Ranzie v Abdul-Massih, supra; Li v Woo Sung Yun, supra; Suk Ching Yeung v Rojas, supra; Nemchyonok v Peng Liu Ying, supra; Jason v Danar, supra; Ifrach v Neiman, supra*).

While the plaintiffs submitted evidence in the form of affirmations interpreting the magnetic resonance imaging results of the injured plaintiffs' respective cervical and lumbar spines, the mere existence of herniated or bulging discs does not establish a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injuries and their duration (*see Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). No such competent medical evidence was submitted by the plaintiffs to establish the extent of the alleged limitations resulting from the disc injuries or their duration.

The plaintiffs provided no competent medical evidence to show that any of the injured plaintiffs were unable to perform substantially all of his or her daily activities for not less than 90

of the first 180 days subsequent to the subject accident (*see Felix v New York City Tr. Auth., supra; Moore v Sarwar, supra; Bravo v Rehman, supra; Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Therefore, the motion for summary judgment dismissing the complaint insofar as asserted by the respondents should have been granted. Adams, J.P., Santucci, Mastro and Lifson, JJ., concur.