■ IVOR ELDER, Respondent, v JOEANN STOKES, Appellant. [828 NYS2d 138]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated November 17, 2005, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. While the affirmed medical report of the plaintiff's examining physician noted limitations in the plaintiff's range of motion of his cervical and lumbar spine, based on a recent examination, this report failed to provide any medical proof that was contemporaneous with the subject accident that showed range of motion limitations in his spine (*see Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Ramirez v Parache*, 31 AD3d 415 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624 [2006]; *Suk Ching Yeung v Rojas*, 18 AD3d 863 [2005]; *Nemchyonok v Peng Liu Ying*, 2 AD3d 421 [2003]). Moreover, the plaintiff's examining physician relied on the unsworn reports of others in reaching his conclusions (*see Felix v New York City Tr. Auth., supra*; *Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]). The remaining submissions of the plaintiff, with the exception of his own affidavit and hospital records, were without probative value in opposing the motion since they were unsworn or unaffirmed (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Felix v New York City Tr. Auth., supra*; *Bycinthe v Kombos*, 29 AD3d 845 [2006]; *Hernandez v Taub*, 19 AD3d 368 [2005]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The

plaintiff's hospital records, which were properly submitted in opposition since the defendant submitted the record in support of her motion (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]), did not establish that the plaintiff sustained a serious injury. In the absence of any admissible objective evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether he sustained a serious injury (*see Felix v New York City Tr. Auth., supra; Fisher v Williams,* 289 AD2d 288 [2001]; *see also Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498 [1998]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.