■ ALEKSANDR ZINGER et al., Respondents, v SHOLOM ZYLBERBERG, Appellant. [828 NYS2d 128]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated December 9, 2005, which denied his motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendant established prima facie entitlement to judgment as a matter of law by tendering proof in evidentiary form that neither of the plaintiffs sustained a serious injury within

the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether either plaintiff sustained a serious injury. While the affirmed medical reports of the plaintiffs' examining physician showed limitations in the range of motion of the respective plaintiffs' cervical and lumbar spines based on recent examinations, the plaintiffs failed to proffer any medical evidence that was contemporaneous with the subject accident that showed a limitation in their range of motion (*see Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624, 625 [2006]; *Suk Ching Yeung v Rojas*, 18 AD3d 863, 864 [2005]; *Nemchyonok v Peng Liu Ying*, 2 AD3d 421 [2003]). Their examining physician also failed to acknowledge the fact that both plaintiffs were involved in an auto accident in 2003, which occurred subsequent to the subject accident and before he examined them. Thus, his findings were speculative that the spinal injuries they allegedly sustained were caused by the subject accident (*see Tudisco v James*, 28 AD3d 536, 537 [2006]; *Bennett v Genas*, 27 AD3d 601, 601-602 [2006]; *Allyn v Hanley*, 2 AD3d 470, 471 [2003]). The plaintiffs also failed to explain their gaps in treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Nemchyonok v Peng Liu Ying, supra*).

As specifically related to the plaintiff Aleksandr Zinger, the plaintiffs' examining physician also failed to address the finding by the defendant's examining radiologist that Aleksandr's herniated disc at C5-6 was the result of degeneration unrelated to the subject accident (*see Giraldo v Mandanici, supra* at 420; *Lorthe v Adeyeye*, 306 AD2d 252, 253 [2003]; *Pajda v Pedone*, 303 AD2d 729, 730 [2003]).

Moreover, the plaintiffs failed to proffer any competent medical evidence that either plaintiff was unable to perform all of his or her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Florio, J.P., Crane, Spolzino and Covello, JJ., concur.