■ GREG BEYL et al., Appellants, v MARION FRANCHINI et al., Respondents. [829 NYS2d 699]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, West-

chester County (Colabella, J.), entered September 16, 2005, which denied their motion for leave to renew their opposition to the defendants' prior motion for summary judgment dismissing the complaint on the ground that the plaintiff Greg Beyl did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order of the same court dated December 14, 2004.

Ordered that the order dated September 16, 2005, is affirmed, with costs.

The plaintiffs' opposition to the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Greg Beyl did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) was based upon an affidavit of the injured plaintiff's treating physician relating the results of an examination of the injured plaintiff performed nearly six months after the accident and nearly one year and four months before the motion was made. The defendants' motion was granted on the ground that the affidavit was not based upon a recent examination.

Thereafter, the plaintiffs moved for leave to renew based upon more recent examinations, including an examination made after the motion was submitted and an examination made after the motion was decided. The plaintiffs alleged that the injured plaintiff's treating physician was unable to schedule these examinations earlier. However, there was no explanation as to why the treating physician had sufficient time to prepare an affidavit, but did not have sufficient time to conduct an examination before the submission of the defendants' motion for summary judgment, nor was there an explanation as to why the plaintiffs did not seek an adjournment of the defendants' motion until an examination could be scheduled. Therefore, the plaintiffs failed to provide a reasonable justification for the failure to present such facts in opposition to the defendants' initial motion (see CPLR 2221 [e] [2], [3]; O'Connell v Post, 27 AD3d 631 [2006]; Renna v Gullo, 19 AD3d 472 [2005]). Further, the plaintiffs never submitted the results of an examination contemporaneous to the accident (see Ramirez v Parache, 31 AD3d 415 [2006]; Bell v Rameau, 29 AD3d 839 [2006]). Accordingly, there was no basis for renewal. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.