■ ELLY IUSMEN, Appellant, v MICHAEL KONOPKA et al., Respondents. [831 NYS2d 530]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), entered December 30, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff

failed to raise a triable issue of fact. To the extent that the plaintiff relied on her hospital records and treatment reports of Long Island City Pain Management & Rehabilitation Offices, P.C., those submissions were without any probative value in opposing the defendants' motion since they were either uncertified (*see Mejia v DeRose*, 35 AD3d 407, 408 [2006]), or unaffirmed (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Bycinthe v Kombos*, 29 AD3d 845, 845-846 [2006]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]).

The affirmed medical report and affirmation of the plaintiff's examining neurologist also failed to raise a triable issue of fact. While the plaintiff's examining neurologist set forth limitations in the plaintiff's cervical and lumbar spine range of motion based on a recent examination in his affirmed medical report and affirmation, neither he nor the plaintiff proffered competent medical evidence showing range of motion limitations in the plaintiff's spine that were contemporaneous with the subject accident (*see Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Ramirez v Parache*, 31 AD3d 415, 416 [2006]; *Bell v Rameau*, 29 AD3d 839, 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624, 625 [2006]; *Suk Ching Yeung v Rojas*, 18 AD3d 863, 864 [2005]; *Nemchyonok v Peng Liu Ying*, 2 AD3d 421 [2003]). It is also apparent that the plaintiff's examining neurologist relied on the unsworn reports of others in reaching the conclusions in his affirmed report and affirmation (*see Elder v Stokes*, 35 AD3d 799 [2006]; *Felix v New York City Tr. Auth.*, *supra*; *Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.*, 18 AD3d 741, 742 [2005]; *Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). Furthermore, the affirmed submissions of the plaintiff evincing that she suffered from herniated discs in her lumbar and cervical spine were insufficient, on their own, to establish a serious injury. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose, supra* at 408; *Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Bravo v Rehman*, 28 AD3d 694, 695 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 50 [2005]). The plaintiff's self-serving affidavit was insufficient to satisfy this requirement (*see Elder v Stokes, supra* at 800; *Felix v New York City Tr. Auth., supra*). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.