■ James Manning, Respondent, v Raul Tejeda, Appellant.
[831 NYS2d 553]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 19, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

Contrary to the plaintiff's contention, the defendant established his prima facie entitlement to judgment as a matter of law by tendering competent evidence that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not offer medical proof in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]) that was contemporaneous with the subject accident substantiating his claim of serious injury (*see Zinger v Zylberberg*, 35 AD3d 851 [2006]; *Elder v Stokes*, 35 AD3d 799 [2006]; *Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624, 625 [2006]). Evidence of disc bulges, without more, is insufficient to establish a serious injury (*see Kearse v New York City Tr. Auth., supra* at 50; *see also Pommells v Perez*, 4 NY3d 566, 574 [2005]). To the extent the plaintiff tendered medical evidence in admissible form, such evidence related only to his current complaints and was therefore insufficient to defeat summary judgment (*see Zinger v Zylberberg, supra; Elder v Stokes, supra; Knijnikov v Mushtaq*, 35 AD3d 545 [2006]). Moreover, the plaintiff failed to offer any reasonable explanation for the complete cessation of all treatment from approximately September of 2002 until November of 2005 (*see Pommells v Perez, supra* at 574). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.