■ PIERRE BORGELLA, Respondent, v D & L TAXI CORP. et al., Appellants. [834 NYS2d 199]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated January 13, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The Supreme Court properly concluded that the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]).

The Supreme Court erred, however, in concluding that the submissions of the plaintiff, in opposition, raised a triable issue

of fact. The submissions of the plaintiff's treating physician were without any probative value in opposing the defendants' motion since they were unaffirmed (*see Grasso v Angerami,* 79 NY2d 813, 814-815 [1991]; *Elder v Stokes,* 35 AD3d 799 [2006]; *Felix v New York City Tr. Auth.,* 32 AD3d 527, 528 [2006]; *Bycinthe v Kombos,* 29 AD3d 845 [2006]). The affirmations of the plaintiff's examining neuroradiologists were also insufficient in opposing the defendants' motion since those affirmations did not set forth the findings contained in the respective cervical and lumbar spine magnetic resonance imaging films that they each reviewed. While the affirmed medical reports of the plaintiff's treating orthopedist were based on recent examinations and set forth limitations in the range of motion of the plaintiff's cervical and lumbar spine, the plaintiff did not interpose any competent medical proof that was contemporaneous with the subject accident showing limitations in these regions of his spine (*see Felix v New York City Tr. Auth.,* 32 AD3d 527, 528 [2006]; *Ramirez v Parache,* 31 AD3d 415, 416 [2006]; *Bell v Rameau,* 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih,* 28 AD3d 447, 448 [2006]; *Li v Woo Sung Yun,* 27 AD3d 624 [2006]; *Suk Ching Yeung v Rojas,* 18 AD3d 863 [2005]; *Nemchyonok v Peng Liu Ying,* 2 AD3d 421 [2003]). Lastly, the plaintiff failed to proffer competent medical evidence showing that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Ramirez v Parache, supra; Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]).

Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.