■ JAMARIS RODRIGUEZ, Respondent, v ELISOIRE CESAR, Appellant. [835 NYS2d 438]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 9, 2006, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary dismissing the complaint is granted.

The defendant met her prima facie burden on her motion for summary judgment by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The magnetic resonance image of the plaintiff's lumbar spine which showed a bulging disc did not, alone, raise a triable issue as to whether she sustained a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp., supra; Kearse v New York City Tr. Auth., supra*).

In opposing the motion, the plaintiff relied on an affirmed medical report of Dr. George Krementsov documenting his examination of the plaintiff some 20 days after the accident. This report failed to quantify the limitations in the plaintiff's cervical, thoracic, or lumbar spines based on objective testing. The report of his follow-up examination likewise failed to quantify, on the basis of objective testing, any such limitations (*see Davis v New York City Tr. Auth.*, 294 AD2d 531, 531-532 [2002]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). In addition, the report of his follow-up examination was unaffirmed and,

therefore, without probative value (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Yakubov v CG Trans Corp., supra*; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]).

While the affirmed report of Dr. Aric Hausknecht, upon which the plaintiff also relied in opposing the motion, quantified a limitation in the plaintiff's range of motion in her lumbar spine based on objective testing almost three years after the accident, with an opinion that her injuries were caused by the subject motor vehicle accident, there was no admissible report of any examination roughly contemporaneous with the accident that established limitations at that time (*see Manning v Tejeda*, 38 AD3d 622 [2007]; *Earl v Chapple*, 37 AD3d 520 [2007]). Although there were range of motion tests conducted by Dr. Azriel Benaroya on October 7, 2003, shortly after the accident, they failed to show any limitations, and the report thereof was not even in admissible form (*see Grasso v Angerami, supra*; *Felix v New York City Tr. Auth., supra*; *Pagano v Kingsbury, supra*).

Finally, the affirmed report of Dr. Hausknecht reinforced the findings of the defense examiner Dr. Micheal J. Carciente, which supported the conclusion that the plaintiff did not sustain a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the accident, from performing her usual and customary activities (*see* Insurance Law § 5102 [d]; *Zinger v Zylberberg*, 35 AD3d 851, 852 [2006]; *Olson v Russell*, 35 AD3d 684, 686 [2006]; *Sainte-Aime v Ho, supra*). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.