■ YSA R. GRULLON et al., Respondents, v CHERYAL L. PEREZ et al., Defendants, and DONALD A. SUTHERLAND et al., Appellants. [839 NYS2d 194]—

In an action to recover damages for personal injuries, etc., the defendants Donald A. Sutherland and Pick Service Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated June 28, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Paola De La Cruz did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 19, 2003 the infant plaintiff Paola De La Cruz (hereinafter the infant plaintiff), then age 14, was a passenger in a taxi driven by the defendant Donald A. Sutherland and owned by the defendant Pick Service Corp. (hereinafter together the defendants), which was involved in an accident. The infant plaintiff was taken by ambulance to Bellevue Hospital, where she was treated, inter alia, for injuries to her back and right shoulder.

On the following day, November 20, 2003, the infant plaintiff's treating physician diagnosed her as suffering from internal derangement of the right shoulder, cervical sprain, cervical myositis, thoracic sprain, and possible cervical radiculopathy. MRI examinations taken in February 2004 revealed, inter alia, a right rotator cuff tear with joint effusion and right sided

radiculitis at C3-4 and straightening of the cervical lordosis. Based, among other things, upon her examination of the MRI films, the infant plaintiff's treating physician diagnosed her condition as "a right shoulder tear of the, supraspinatus tendon, cervical radiculitis at the level of C3-4, cervical myofascial syndrome and cervical sprain." The infant plaintiff's treating physician prescribed therapy which was continued until June 17, 2004, when that physician found that the infant plaintiff had reached maximum medical improvement.

The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In response to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs submitted the affirmed medical report of the infant plaintiff's treating physician, stating the results of her medical examination on November 20, 2003 and setting forth the infant plaintiff's course of treatment. The treating physician asserted that she examined the MRI films taken in February 2004, and she set forth the results in her affirmation. Further, the treating physician averred that she conducted range of motion tests on March 9, 2006. In her affirmation, she quantified the infant plaintiff's loss of various ranges of motion in her cervical spine and compared the measured ranges to the expected normal ranges. Based upon that examination, she concluded that, as of the date of her affirmation, the infant plaintiff continued to suffer from a right shoulder tear of the, supraspinatus tendon, cervical radiculitis at C3-4, cervical myofascial pain syndrome, and cervical sprain, and that these medically-determined injuries resulted in the loss of the various ranges of motion she described.

The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We affirm.

The plaintiffs' proof with respect to the alleged injury to the infant plaintiff's shoulder was sufficient to establish serious injury pursuant to Insurance Law § 5102 (d) (*see Balanta v Stanlaine Taxi Corp.*, 307 AD2d 1017 [2003]). Further, the plaintiffs submitted the results of a recent examination quantifying loss of range of motion, as well as the results of an examination contemporaneous with the accident substantiating the infant plaintiff's claim of serious injury to her back and right shoulder (*see Manning v Tejeda*, 38 AD3d 622 [2007]; *Beyl v Franchini*, 37 AD3d 505 [2007]). There was no issue in this case relating to causation (*see Bell v Rameau*, 29 AD3d 839 [2006]). Contrary to the defendants' contention, there was no unexplained gap in medical treatment.

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly denied. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.