■ Luciano Cadena, Appellant, v Brandis Espinal et al., Respondents. [852 NYS2d 795]—

The defendants established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's treating chiropractor failed to establish that he had personal knowledge of the plaintiff's condition prior to the alleged accident or of the reasons that caused the plaintiff to discontinue treatment after five months. In the absence of such knowledge, the chiropractor's affidavit was insufficient to explain the cessation of treatment, as was necessary (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Verette v Zia,* 44 AD3d 747, 748 [2007]; *Manning v Tejeda,* 38 AD3d 622 [2007]) or to address the findings of the defendants' examining radiologist, who concluded that the disc herniations in the plaintiff's spine were degenerative and pre-existing, and thus not caused by the subject accident (*see Giraldo v Mandanici,* 24 AD3d 419, 420 [2005]; *Lorthe v Adeyeye,* 306 AD2d 252, 253 [2003]; *Pajda v Pedone,* 303 AD2d 729, 730 [2003]; *Ginty v MacNamara,* 300 AD2d 624, 625 [2002]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.