■ KAREN BAILEY, Appellant, v IGOR ICHTCHENKO et al., Respondents. [782 NYS2d 781]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Skelos, J.), entered August 20, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Hodges v Jones,* 238 AD2d 962 [1997]). The defendants submitted, inter alia, the affirmed medical reports of an orthopedist and a neurologist, who both examined the plaintiff four years after the accident and determined that she had full range of motion in her cervical and lumbosacral spines, and had no permanent injury, disability, restriction, or limitation.

The affirmation of the plaintiff's physician submitted in opposition to the motion was insufficient to raise a triable issue of fact. While the physician stated that he had "objectively measured" and found "restrictions of lumbosacral range of motion in all planes," he failed to set forth the tests that he used to arrive at this conclusion, or to quantify the results of those tests (*see Kauderer v Penta,* 261 AD2d 365 [1999]). Moreover, he failed to adequately explain why his first examination of the plaintiff came 1½ years after the plaintiff's last physical therapy session or the subsequent three-year gap between his first and second examinations of the plaintiff (*see Jimenez v Kambli,* 272 AD2d 581 [2000]; *Smith v Askew,* 264 AD2d 834 [1999]).

The plaintiff did not submit any medical evidence to support a claim that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days after the accident as a result of the accident (*see Arshad v Gomer,* 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Altman, J.P., Krausman, Luciano, Mastro and Lifson, JJ., concur.