■ ADINA NOZINE et al., Appellants, v SAV-ON CAR RENTALS et al., Respondents, et al., Defendants. [790 NYS2d 204]—

In an action to recover damages for personal injuries, the plaintiffs Adina Nozine, as mother and natural guardian of Rudolph Nozine, Adina Nozine, as mother and natural guardian of Rolph Nozine, Yvaldine Nozine, individually, and Adina Nozine, individually, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated December 16, 2003, as granted that branch of the motion of the defendants Sav-On Car Rentals and Thrifty Car Rentals which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Rolph Nozine on the ground that Rolph Nozine did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeals by the plaintiffs Adina Nozine, as mother and natural guardian of Rudolph Nozine, Yvaldine Nozine, individually, and Adina Nozine, individually, are dismissed, as those plaintiffs are not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Adina Nozine, as mother and natural guardian of of Rolph Nozine; and it is further,

Ordered that one bill of costs is awarded to the respondents payable by the plaintiff Adina Nozine, as mother and natural guardian of Rolph Nozine.

The defendants Sav-On Car Rentals and Thrifty Car Rentals made a prima facie showing that Rolph Nozine (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting copies of the plaintiff's

deposition testimony, copies of his medical records, and the affirmed medical report of their own examining physician (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Gleason v Huber, 188 AD2d 581, 582 [1992]). In opposition, the evidence submitted by the plaintiff was insufficient to raise a triable issue of fact. The plaintiff's evidence was comprised, inter alia, of unsworn reports (see Grasso v Angerami, 79 NY2d 813, 814 [1991]; Pagano v Kingsbury, 182 AD2d 268, 270 [1992]), and an affirmed report based upon an examination that took place 3½ years after the conclusion of the plaintiff's medical treatments (see Jimenez v Kambli, 272 AD2d 581, 582 [2000]; Smith v Askew, 264 AD2d 834 [1999]; Dimenshteyn v Caruso, 262 AD2d 348, 349 [1999]). In that affirmed report, the physician failed to establish that any objective tests were performed to support the determination of certain alleged restrictions in the plaintiff's range of motion (see Bailey v Ichtchenko, 11 AD3d 419, 420 [2004]; Kauderer v Penta, 261 AD2d 365, 366 [1999]).

Accordingly, the Supreme Court properly granted that branch of the motion of the defendants Sav-On Car Rentals and Thrifty Car Rentals which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.