■ Monica Springer, Appellant, v Lynton Arthurs et al., Respondents. [803 NYS2d 170]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated August 31, 2004, which granted the separate motions of the defendants Lynton Arthurs and Marie Paul for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting the affirmed medical reports of an orthopedist and neurologist who examined the plaintiff for the defendants three years after the subject accident and found that she had no disabilities, deficits, or other limitations (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Batista v Olivo,* 17 AD3d 494 [2005]; *Grant v Fofana,* 10 AD3d 446 [2004]). The medical evidence submitted by the plaintiff in opposition, an affirmation of her physician, failed to raise a triable issue of fact. The plaintiff's physician improperly relied upon unattached and unsworn records and reports by other medical providers (*see Mahoney v Zerillo,* 6 AD3d 403 [2004]; *D'Amato v Mandello,* 2 AD3d 482 [2003]; *Williams v Hughes,* 256 AD2d 461 [1998]; *Merisca v Alford,* 243 AD2d 613 [1997]), and failed to set forth the objective medical tests utilized at his most recent examination of the plaintiff which led him to conclude that the plaintiff continued to experience limitations in the functioning and use of her neck and back (*see Ersop v Variano,* 307 AD2d 951 [2003]; *Carroll v Jennings,* 264 AD2d 494 [1999]).

Moreover, the plaintiff failed to submit any competent medical evidence which would have shown that she was unable to perform substantially all of her daily activities for not less than 90 of the 180 days immediately following the subject accident as a result of the accident (*see Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment. Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.