■ MARIO ELLIS et al., Appellants, v WILLOUGHBY WALK CORP. APARTMENTS, Respondent, et al., Defendants. (And a Third-Party Action.) [811 NYS2d 775]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated October 19, 2004, which granted the motion of the defendant Willoughby Walk Corp. Apartments for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Willoughby Walk Corp. Apartments.

Willoughby Walk Corp. Apartments (hereinafter Willoughby) owned an apartment building where the subject accident occurred. The plaintiffs were repairing one of two boilers at the site when a hot water pipe broke, causing hot water to spurt out, allegedly injuring the plaintiffs. In their bill of particulars, the plaintiffs alleged that the accident was caused "in particular, [by] turning on the hot water while plaintiffs were repairing the boiler."

After issue was joined, Willoughby moved for summary judgment based upon the deposition testimony of the plaintiffs and other witnesses and an unsworn engineer's report. At his examination before trial, plaintiff Julio Mercado, after testifying as to his expertise, stated that the accident was caused by the refusal of the building employees to turn off the hot water line during the course of the repairs. There was also testimony that it would have been safer to turn off the second boiler.

The plaintiffs, in opposition, argued that there were triable issues of fact which precluded the granting of summary judgment.

The Supreme Court granted Willoughby's motion, reasoning

that the plaintiffs failed to demonstrate that the defendant had actual or constructive notice of a defective condition, and that the engineer's report established that Willoughby was "in full compliance with industry standards in keeping an adjacent boiler operational while the other boiler was being repaired." We reverse.

Willoughby failed to establish its entitlement to judgment as a matter of law. Indeed, the deposition testimony submitted in support of its motion demonstrated that there are triable issues of fact, inter alia, as to whether the hot water should have been turned off during the repairs.

The unsworn engineer's report stated that it was a "generally accepted industry standard" to provide tandem boiler installations so one boiler could remain on while the second boiler was being repaired. However, the engineer's report did not address the plaintiffs' assertion that turning on the hot water while the plaintiffs were repairing the boiler constituted negligence. In any event, the engineer's report was not in admissible form (*see Springer v Arthurs,* 22 AD3d 829 [2005]). Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.