■ MICHELLE PATALANO et al., Respondents, v MICHAEL J. CURRERI, Appellant. [817 NYS2d 358]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated May 25, 2005, as denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff Michelle Patalano did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant failed to make a prima facie showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmed medical report of the defendant's examining orthopedic surgeon merely noted that the injured plaintiff had a "full and nonrestricted" range of motion in her cervical, thoracic, and lumbosacral spine without setting forth the objective testing performed which supported those conclusions (*see Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Nozine v Sav-On Car Rentals*, 15 AD3d 555 [2005]; *Bailey v Ichtchenko*, 11 AD3d 419 [2004]; *Kauderer v Penta*, 261 AD2d 365 [1999]). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to reach the question of whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.