■ CAROL C. CARDILLO et al., Appellants, v CHRISTOPHER P. XENAKIS, Respondent. [820 NYS2d 85]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated

July 13, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Carol C. Cardillo on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Joseph Cardillo is dismissed as he is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Carol C. Cardillo; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant met his prima facie burden by establishing that the plaintiff Carol C. Cardillo (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit and the affirmations and affidavits of her experts failed to address the findings of degeneration in her spine as noted in the affirmed medical report of the defendant's examining radiologist, rendering speculative the findings that the injuries to her spine were caused by the subject accident (*see Giraldo v Mandanici,* 24 AD3d 419 [2005]; *Ifrach v Neiman,* 306 AD2d 380 [2003]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]; *Ginty v MacNamara,* 300 AD2d 624 [2002]). Further, the affirmed medical reports of Dr. Stephen G. Zolan, the orthopedist who examined the plaintiff on April 7, 2004, and February 16, 2005, in connection with her application for no-fault insurance benefits, failed to set forth the objective test or tests he performed to determine that the plaintiff suffered limitations of movements in her spine and did not address the allegation of degenerative disease (*see Murray v Hartford,* 23 AD3d 629 [2005], *lv denied* 6 NY3d 713 [2006]; *Nozine v Sav-On Car Rentals,* 15 AD3d 555 [2005]; *Bailey v Ichtchenko,* 11 AD3d 419 [2004]; *Kauderer v Penta,* 261 AD2d 365 [1999]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.