■ MOFAZ BAKSH, Respondent, v HERZEL SHABI, Defendant, and ESTER BUENO, Appellant. [820 NYS2d 327]—

In an action to recover damages for personal injuries, the defendant Ester Bueno appeals from an order of the Supreme Court, Queens County (Hart, J.), dated September 13, 2005, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Ester Bueno, and the action against the remaining defendant is severed.

Contrary to the determination of the Supreme Court, the defendant Ester Bueno, via her submissions in support of her motion, established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's treating physician impermissibly relied on the unsworn reports of other doctors in reaching his conclusions (*see Springer v Arthurs*, 22 AD3d 829 [2005]; *Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.,* 18 AD3d 741 [2005]; *Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]). Moreover, the plaintiff's treating physician failed to address either the findings of Bueno's examining radiologist, who determined that the plaintiff suffered from degenerative processes at the L-5 level of her lumbar spine, or the fact that the plaintiff was involved in a subsequent rear-end collision. This rendered speculative his conclusion that the plaintiff's injuries and limitations were causally related to the subject accident (*see Tudisco v James,* 28

AD3d 536 [2006]; *Giraldo v Mandanici,* 24 AD3d 419 [2005]; *Allyn v Hanley,* 2 AD3d 470 [2003]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]). Furthermore, the plaintiff failed to proffer competent medical evidence that connected his alleged inability to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident with the alleged accident-related injuries (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498 [1998]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.