■ SALVATORE J. PORTO, Respondent, v YOEL BLUM et al., Appellants. [833 NYS2d 245]—

In an action to recover damages for personal injuries and property damages, the defendants appeal from an order of the Supreme Court, Kings County (Rivera, J.), dated September 29, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the first cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.

The defendants' evidence, which consisted of the affirmed medical report of their examining neurologist and the plaintiff's bill of particulars, was sufficient to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Collins v Stone*, 8 AD3d 321 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury. The affidavit of his treating physician failed to note any range of motion limitations in the plaintiff's left shoulder and lumbar spine that resulted from the subject accident (*see Ramirez v Parache*, 31 AD3d 415, 416 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624, 625 [2006]). Furthermore, the plaintiff's physician improperly relied upon the unsworn magnetic resonance imaging report of another physician (*see Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Baksh v Shabi*, 32 AD3d 525 [2006]; *Vishnevsky v Glassberg*, 29 AD3d 680, 681 [2006]), and failed to set forth the objective medical tests utilized at his most recent examination of the plaintiff that led him to determine that the plaintiff sustained limitations of motion in his left shoulder (*see Cardillo v Xenakis*, 31 AD3d 683, 684 [2006]; *Springer v Arthurs*, 22 AD3d 829, 830 [2005]; *Nelson v Amicizia*, 21 AD3d 1015, 1016 [2005]). Although the plaintiff's bill of particulars does not raise this particular issue, we note that his complaint alleged that he had been unable to attend to his regular duties. Nevertheless, the plaintiff failed to raise a triable issue of fact as to whether he was prevented from performing substantially all of his usual activities for at least 90 of the first 180 days following the subject accident (*see Ranzie v Abdul-Massih, supra* at 448-449).

The Supreme Court, however, properly denied that branch of the defendants' motion which was for summary judgment dismissing the second cause of action to recover property damages (see Pajda v Pedone, 303 AD2d 729, 730 [2003]; McCauley v Ross, 298 AD2d 506, 507 [2002]; Yaraghi v Zeller, 286 AD2d 765 [2001]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.