■ CLR Brooklyn Realty Corp. et al., Appellants-Respondents, v Stanley Shapiro et al., Respondents, and Francis J. Voytecky, Respondent-Appellant, et al., Defendants. [836 NYS2d 617]—

In an action to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), entered September 6, 2005, as granted those branches of the separate motions of the defendant Fulvan Realty Corp., the defendant Paul Cassuto, the defendant Francis J. Voyticky, sued herein as Francis J. Voytecky, and the defendants Stanley Shapiro, Equitable Fund-

ing Corp., and Equitable Funding Co. which were to dismiss the complaint insofar as asserted against them as barred by the doctrine of collateral estoppel, and the defendant Francis J. Voyticky, sued herein as Francis J. Voytecky, cross-appeals from so much of the same order as denied that branch of his motion which was for an award of sanctions and attorney's fees against the plaintiffs and their attorney.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiffs to the defendants Fulvan Realty Corp., and Paul Cassuto.

CLR Brooklyn Realty, Leonard Peters Smith, and Pearl Smith (hereinafter the appellants) were defendants in a mortgage foreclosure proceeding commenced in 1993. As they did not appear in the action, a judgment of foreclosure and sale was entered by default in 1994, and the property was sold at a public auction. In 1995, the appellants moved to vacate the judgment and the sale and to dismiss the foreclosure action against them on the ground that they were not properly served. The Supreme Court denied the motion.

In 2002, more than six years later, the appellants made a new motion to vacate the judgment and the sale on the ground, inter alia, that the judgment was procured as a result of fraud (*see* CPLR 5015 [a] [3]). The gravamen of their claim was that neither of the named plaintiffs in the foreclosure action had an interest in the mortgage at the time the action was commenced. The Supreme Court denied the motion, and this Court affirmed by decision and order dated March 15, 2004, determining that the claims were barred by the doctrine of res judicata because they could have been litigated at the time the appellants made their first motion in 1995 (*see Citizens Bank of Appleton City, Mo. v C.L.R. Brooklyn Realty Corp.*, 5 AD3d 528 [2004]).

The appellants commenced the instant action on or about August 19, 2004, to recover damages for fraud. The allegations in the complaint are identical to the allegations made in the 2002 motion to vacate the judgment of foreclosure and sale. Contrary to the appellants' contention, they are precluded by the doctrine of collateral estoppel from relitigating the issue of whether the fraud claims could have been raised in 1995 (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]; *Green v Tinto Funding Corp.*, 162 AD2d 587 [1990]). The appellants have failed to meet their burden of demonstrating that they did not have a full and fair opportunity to contest the prior determination on this issue (*see Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]). Accordingly, the

Supreme Court properly dismissed the complaint insofar as asserted against the defendants in question.

Contrary to the contention of the defendant Francis J. Voyticky, sued herein as Francis J. Voytecky, the Supreme Court providently exercised its discretion in denying that branch of his motion which was for an award of sanctions and attorney's fees (*see* 22 NYCRR 130-1.1). Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.