◼ Galina Butuzowa, Plaintiff, and Valentina Alisova, Respondent, v Anton Tumanov et al., Defendants, and Chrysler Financial Company, LLC, Appellant. [837 NYS2d 705]—

In an action to recover damages for personal injuries, the defendant Chrysler Financial Company, LLC, appeals from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated January 5, 2006, as denied that branch of its motion

which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Valentina Alisova on the ground that she did not sustain a serious injury to her right knee within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Chrysler Financial Company, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff Valentina Alisova is granted.

Valentina Alisova, a plaintiff herein, allegedly sustained injuries to her neck, back, and right knee in an accident involving a vehicle owned by the defendant Chrysler Financial Company, LLC (hereinafter Chrysler). Chrysler moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it by Alisova on the ground that she had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motion to the extent of finding a triable issue of fact as to whether Alisova had sustained a serious injury to her right knee. Chrysler appeals. We reverse.

In support of its motion, Chrysler submitted, inter alia, the affirmed medical report of an examining orthopedist setting forth the objective tests performed and the numerical range of motion findings, and opining, among other things, that Alisova suffered no degree of any ongoing causally-related orthopedic disability in her right knee, was able to work without restriction, and had returned to pre-accident status (*see Gaddy v Eyler*, 79 NY2d 955 [1992]; *Farozes v Kamran*, 22 AD3d 458 [2005]). In opposition to this prima facie demonstration that she did not sustain a serious injury to her right knee within the meaning of Insurance Law § 5102 (d), Alisova failed to submit competent evidence in admissible form sufficient to raise a triable issue of fact (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Grasso v Angerami*, 79 NY2d 813 [1991]; *Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Nozine v Sav-On Car Rentals*, 15 AD3d 555 [2005]). Thus, that branch of Chrysler's motion which was for summary judgment dismissing the complaint insofar as asserted against it by Alisova should have been granted. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.