■ 1212 OCEAN AVENUE HOUSING DEVELOPMENT CORPORATION, Respondent, v DEBORAH BRUNATTI, Appellant. [857 NYS2d 649]—

In an action, inter alia, to recover damages for nuisance, trespass, and negligence, the defendant appeals, as limited by her brief and by a letter dated January 3, 2008, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 9, 2007, as denied her motion to impose a sanction pursuant to 22 NYCRR 130-1.1, and, in effect, denied her application to search the record and award her summary judgment dismissing the complaint.

Ordered that on the Court's own motion, that portion of the notice of appeal which purports to appeal as of right from so much of the order as, in effect, denied the defendant's application to search the record and award summary judgment in her favor dismissing the complaint, is deemed to be an application

for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of her application which was to search the record and award her summary judgment dismissing the third cause of action to recover damages for trespass and substituting therefor a provision granting that branch of the defendant's application and, upon searching the record, awarding her summary judgment dismissing the third cause of action to recover damages for trespass; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant are adjoining property owners. The two properties are separated by a 10-foot high retaining wall, which was erected in 1924 when an apartment building was constructed on the plaintiff's premises. The plaintiff alleges that an elm tree planted on the defendant's property more than 40 years ago grew over the course of time so that its trunk came to rest atop the retaining wall. The roots of this tree also allegedly damaged the retaining wall, causing it to crack and curve. In December 2004 the New York City Department of Buildings issued a summons to the plaintiff, requiring it to correct the defective condition of the retaining wall. Shortly thereafter, the plaintiff commenced this action against the defendant, inter alia, to recover damages for nuisance, trespass, and negligence. Approximately four months later, the defendant caused the subject tree to be removed. After some discovery was conducted, the defendant moved to impose a sanction against the plaintiff pursuant to 22 NYCRR 130-1.1 (c), and the plaintiff cross-moved to renew its cross motion for summary judgment on the complaint, which had been denied in an order of the same court dated July 20, 2005. In response to the cross motion, the defendant asked the court to search the record and award summary judgment in her favor dismissing the complaint, arguing, among other things, that the defective condition of the retaining wall had not been caused by tree roots, and that the plaintiff could not maintain an action for damages because it had not engaged in self-help to remedy the situation. The Supreme Court denied the defendant's motion for the imposition of a sanction, and, in effect, denied the defendant's application to search the record and award her summary judgment.

Contrary to the defendant's contention, the Supreme Court properly, in effect, denied those branches of her application which were to search the record and award her summary judgment dismissing the plaintiff's causes of action to recover dam-

ages for nuisance and negligence. The unsworn reports from two engineers the defendant submitted in support of her application were not in admissible form, and thus were insufficient to establish, as a matter of law, that the tree roots did not damage the plaintiff's retaining wall (*see Ellis v Willoughby Walk Corp. Apts.*, 27 AD3d 615 [2006]; *Cannon v New York City Tr. Auth.*, 213 AD2d 303 [1995]; *Hagan v General Motors Corp.*, 194 AD2d 766 [1993]). Furthermore, while it has been recognized that a property owner may resort to self-help to remove tree roots encroaching upon his or her property (*see Loggia v Grobe*, 128 Misc 2d 973 [1985]; *Turner v Coppola*, 102 Misc 2d 1043 [1980], *affd* 78 AD2d 781 [1980]; *Ferrara v Metz*, 49 Misc 2d 531 [1966]), and that this may constitute a sufficient remedy in some circumstances, the defendant failed to demonstrate that self-help would have been practicable here, where it is undisputed that the tree roots rested entirely on her property (*see Norwood v City of New York*, 95 Misc 2d 55 [1978]).

However, the court should have granted that branch of the application which was to search the record and award summary judgment in favor of the defendant dismissing the plaintiff's third cause of action, which seeks damages for trespass. Since the tree roots rested entirely upon the defendant's property, there was no intentional intrusion or entry onto the plaintiff's property which could constitute trespass (*see Ivancic v Olmstead*, 66 NY2d 349 [1985], *cert denied* 476 US 1117 [1986]; *Curwin v Verizon Communications [LEC]*, 35 AD3d 645 [2006]).

The court providently exercised its discretion in denying the defendant's motion to impose a sanction (*see* 22 NYCRR 130-1.1; *CLR Brooklyn Realty Corp. v Shapiro*, 39 AD3d 790 [2007]). Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.