**Everton Props. LLC v City of New York**

2025 NY Slip Op 30784(U)

March 10, 2025

Supreme Court, New York County

Docket Number: Index No. 153778/2021

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARIEL D. CHESLER**                      PART                  **62M**

*Justice*

-----------------------------------------------------------------------------X

EVERTON PROPERTIES LLC,

                                 Plaintiff,

                     - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
SCHOOL CONSTRUCTION AUTHORITY, THE
DEPARTMENT OF EDUCATION OF THE CITY OF NEW
YORK

                               Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153778/2021 |
| MOTION DATE | 08/28/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 87

were read on this motion to/for                      SUMMARY JUDGMENT(AFTER JOINDER          .

## Background

In this action, Plaintiff seeks to recover for damage caused to its property by a tree

located on Defendants' neighboring property, and which Plaintiff alleges caused structural

damages to its building.

Although the matter was commenced in 2021, and a preliminary conference requested in

2022, a Case Scheduling Order was not issued until August 29, 2023. Thereafter, the parties

entered into additional discovery stipulations in February and June of 2024. Despite the various

deadlines set, discovery, including depositions, did not place as scheduled.

**153778/2021   EVERTON PROPERTIES LLC vs. CITY OF NEW YORK**
  **Motion No.  002**

**Page 1 of 7**

[* 1]

Plaintiff filed this motion for summary judgment and for an order striking Defendants' Answer on August 28, 2024. Defendants submitted opposition in September 2024, and Plaintiff filed a reply in that same month.

**The Motion**

In support of its motion, Plaintiff submitted an affidavit from Joseph Aizer, property manager and the authorized signatory of Plaintiff. Aizer explained that he is regularly on site and familiar with Plaintiff's Premises, and that since early 2020, a tree situated entirely on the Defendants' property located at Block 3241, Lot 71, Brooklyn, New York (P.S. 274) has undermined and damaged the easterly most wall of the Plaintiff's Premises. Aizer attached to his affidavit deeds for Plaintiff's and Defendants' property, as well as a survey showing the properties are next to each other and that the tree is located on Defendants' property.

According to Aizer, for years, Defendants negligently permitted the Tree to fall into such a state of disrepair until it finally breached the easterly wall of Plaintiff's building, causing substantial damage. Aizer stated that on numerous instances between 2020 and 2022, he personally observed and witnessed the Tree growing into the Wall causing it to buckle. He attached photographs of the wall which he took in 2021 showing cracks and damage.

Aizer further stated that in relation to the tree damage Plaintiff was issued a violation by the Office of Administrative Trials and Hearings ("OATH"), which he attached. In addition, Aizer stated that on May 26, 2022, the New York City Department of Buildings ordered a full vacate order of the entirety of the Plaintiff's Premises. Attached to the affidavit was copy of the vacate order.

**153778/2021  EVERTON PROPERTIES LLC vs. CITY OF NEW YORK**  **Page 2 of 7**
  **Motion No.  002**

[* 2]
2 of 7

Aizer next claimed that Plaintiff's costs include, but are not limited to, the following: (a) construction costs to remediate the Plaintiff's Premises as a result of the severe structural issues caused by the Tree; (b) engineering fees to design the repair of the Plaintiff's Premises as a result of the structural cracking; (c) expeditor fees to obtain DOB permits for remediation work; (d) retaining a monitoring company to perform "crack gauge" readings and perform other monitoring as a result of the possible structural instability caused by the Tree; (e) loss of rental income due to the Vacate Order; (f) the entire loss of its commercial tenant, and replacement with a tenant paying less rent; (g) loss of use of the Plaintiff's Premises, and the mortgage during this time, which remained due and owing; and (h)legal fees.

Aizer attached copies of Plaintiff's invoices, rent ledger, and other documents supporting its costs, and stated that the total amount of damages incurred by Plaintiff was $970,494.86.

Plaintiff also attached an affidavit from Solomon Rosenzweig, a licensed professional engineer in New York. Rosenzweig explained that he was retained by Plaintiff to inspect the subject premises. On August 30, 2022, he inspected both the interior and exterior of the Plaintiff's Premises, including taking measurements of the same.

Rosenzweig stated as follows:

Based upon my inspection, I observed a tree growing on the exterior of Plaintiff's Premises, located beyond the property line in the Adjacent Premises, that appears to be undermining the structural wall of the Plaintiff's Premises (the "Tree").
During my inspection of the interior of the Plaintiff's Premises, I observed that the wall of the Plaintiff's Premises that is located directly adjacent to the Tree appears to have buckled inwards, causing significant structural damage to the Plaintiff's Premises.

During the progress of repairs, I observed tree roots and the remnants of the tree stump occupying the space of the foundation, thereby proving that the tree had definitely caused the displacement which undermined the exterior wall of the Plaintiff's Premises, and is a direct proximate cause of the damages I observed therein, including severe damages to the structural stability of the Plaintiff's Premises.

[* 3]

Also attached to the motion were the various discovery orders and stipulations and email communications between counsel relating to discovery and efforts to settle the matter.

In opposition, Defendants did not provide an affidavit from anyone with personal knowledge of the subject properties or tree or an affirmation from an expert.

However, counsel for Defendants argued that Plaintiff had not established a prima facie entitlement to summary judgment based on the affidavit and expert affirmation it had submitted. Separately, counsel asserted that damages, comparative fault, and whether Plaintiff had failed to mitigate damages have to be decided by a jury.

Counsel also argued that striking its Answer is unwarranted and overly harsh because there was no showing that its failure to comply with discovery was willful, contumacious, or in bad faith. Relatedly, counsel suggested the motion was premature and that it should have the opportunity to engage in discovery and produce a witness. No details about the witness they identified or what testimony the witness could offer were provided.

**Discussion**

The proponent of a summary judgment motion has the initial burden of establishing a prima facie showing that it is entitled to summary judgment as a matter of law, providing sufficient evidence that no material issues of triable fact exist (*Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc.*, 36 NY3d 69, 74 [2020]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once this burden has been met, the burden shifts to the opposing party to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact . . . mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]).

**153778/2021   EVERTON PROPERTIES LLC vs. CITY OF NEW YORK**                    **Page 4 of 7**
  **Motion No.  002**

4 of 7

[* 4]

To establish a common law claim for negligence, it is well settled that a plaintiff must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of damages suffered by the injured plaintiff. (*See Katz v United Synagogue of Conservative Judaism*, 135 AD3d 458 [1st Dept 2016]). As is relevant here, an adjacent landowner owes "a duty to exercise reasonable care in the maintenance of its property to prevent foreseeable injury that might occur on the adjoining property" (*Brown v Long Is. R.R. Co.,* 32 AD3d 813 [2006]; *see also Associated Mut. Ins. Coop. v 198, LLC*, 78 AD3d 597, 597 [1st Dept 2010]). Moreover, summary judgment is warranted where an expert's affidavit "establishes as a matter of law that defendant's tree is responsible for the damage to plaintiff's retaining wall" (*1212 Ocean Ave. Hous. Dev. Corp. v. Brunatti*, 2007 WL 7112998 [Sup Ct, Kings County], *aff'd* 50 AD3d 1110 [2nd Dept 2008]).

Liability for private nuisance arises from conduct that invades another's interest in the use and enjoyment of real property, and where the invasion is both intentional and unreasonable, and caused by another's conduct in acting or failing to act. (*Copart Indus., Inc. v Consol. Edison Co. of New York, Inc.*, 41 NY2d 564 [1977]).

Here, Plaintiff established that the subject tree was entirely situated on Defendants' Premises; that Defendants had a non-delegable duty to maintain the Tree; that Defendants breached that duty; and that Defendants' breach is a direct and proximate cause of the damage to Plaintiff's wall. Specifically, Plaintiff met its initial burden by submitting the relevant deeds, survey, photographs, and an affidavit from its expert stating that the tree roots had caused the displacement which undermined the exterior wall of the Plaintiff's premises, and is a direct proximate cause of the damages he observed, including severe damages to the structural stability of the building.

**153778/2021   EVERTON PROPERTIES LLC vs. CITY OF NEW YORK**                                  **Page 5 of 7**
  **Motion No.  002**

5 of 7

Plaintiff also demonstrated that Defendants were on notice of the tree and the damages it was causing to Plaintiff's Premises as illustrated by the Notice of Claim sent on February 19, 2020. Plaintiff also showed that it has attempted to solicit Defendants' assistance in remediating the issues caused by the tree, but Defendants have refused or failed to offer such assistance or perform and remediation work.

Under very similar circumstances, the Plaintiff in *1212 Ocean Ave. Hous. Dev. Corp.* was granted summary judgment on its negligence claim where the defendant's tree damaged the plaintiff's retaining wall. The court found that the plaintiff's expert affidavit, who inspected the plaintiff's wall and determined that tree's roots had damaged the wall and caused it to bow. The court concluded that the expert's affidavit established as a matter of law that defendant's tree was responsible for the damage.

Here, as in *1212 Ocean Ave. Hous. Dev. Corp.*, the Defendants failed to refute Plaintiff's expert or submit any evidence to attempt to show there are any triable issues of fact. Accordingly, Plaintiff is entitled to summary judgment. Defendants have not rebutted Plaintiff's prima facie case, as their only response is the affirmation of its counsel, which does not satisfy the requirement that the party opposing a motion for summary judgment demonstrate a triable issue of fact with admissible evidence (*see Zuckerman v City of New York*, 49 NY2d at 560; *Ramirez v Miller*, 29 AD3d 310, 314 [1st Dept 2006]). The Court rejects the contention that the holding in *1212 Ocean Ave. Hous. Dev. Corp.* is not applicable here.

The Court has considered Defendants' arguments that Plaintiff failed to establish a prima facie entitlement to summary judgment and finds them unavailing. In particular, the Court rejects the claim that the motion is premature and notes that Defendants fail to provide any details about what witness they have identified and what material issues of fact they could possibly establish.

**153778/2021   EVERTON PROPERTIES LLC vs. CITY OF NEW YORK**               **Page 6 of 7**
  **Motion No.  002**

6 of 7

[* 6]

Indeed,"[t]he mere hope that additional discovery may lead to sufficient evidence to defeat a summary judgment motion is insufficient to deny such a motion." (*Is. Fed. Credit Union v I&D Hacking Corp.,* 194 AD3d 482, 482 [1st Dept 2021]; *Singh v NY City Hous. Auth.,* 177 AD3d 475, 476 [1st Dept 2019] [rejecting defendant's contention that summary judgment was premature, since defendant had a reasonable opportunity to pursue discovery and has not shown that it was diligent in that pursuit]).

In light of the foregoing, the Court does not reach the Plaintiff's request to strike the Answer or impose discovery sanctions against Defendants. Because Plaintiff's request for summary judgment in its favor is being granted, this branch of the motion has been rendered moot.

Accordingly, it is

ORDERED that the motion is granted to the extent of granting Plaintiff summary judgment on liability.

This constitutes the Decision and Order of this Court.

20250310123423ACHESLERCC8D90209F50426EBCFBB9E4B4C083C2

_____
**3/10/2025**
**DATE**

_____
**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**153778/2021   EVERTON PROPERTIES LLC vs. CITY OF NEW YORK**
  **Motion No.  002**

Page 7 of 7

7 of 7